UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES N. BELSSNER,<br><br>　　　　　Plaintiff,<br>v.<br>AUTODYNAMICS,<br><br>　　　　　Defendant. | Case No. 2:15-cv-02128-GMN-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(IFP Application – ECF No. 1) |

　　　　This matter is before the court on Plaintiff Charles N. Belssner's Application to Proceed *In Forma Pauperis* (ECF No. 1). This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and LR IB 1-3 and 1-4 of the Local Rules of Practice.

　　　　Plaintiff is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. He has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fees, and submitted a complaint. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a filing fee and administrative fee totaling $400 is required to commence a civil action in a federal district court. The court may authorize a person to commence an action without the prepayment of fees and costs if the person files an IFP application including an affidavit stating that he or she is unable to pay the initial fees. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. The standard for IFP eligibility requires that an applicant be "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" is left to the court's discretion, based upon the information a plaintiff submits. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

　　　　The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*,

787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be absolutely destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself "with the necessities of life." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993) (quoting *Adkins v. E.I. DuPont deNemours & Co.*, 335 U.S. 331, 339 (1948)). However, the court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (collecting cases). As such, the affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted).

Here, Plaintiff has submitted the affidavit required by § 1915(a). The affidavit states that he receives income from social security payments in the amount of $1,809 per month and had $1,500 in cash or in a bank account before deduction of his rent and utilities of $850.00 and $250.00 per month respectively. He reports spending $125 per month for transportation and $150 per month on an unidentified loan. In addition, he states he owes $43, 285.00 for "Rehab, Legal." He has not listed what he spends for groceries or other incidentals. Although Plaintiff's income appears adequate to meet his expenses, he lacks sufficient resources to pay the filing fee.

However, having reviewed his complaint, the court will recommend denial of his IFP application finding the court lacks subject matter jurisdiction over his claims. A "district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)). Here, the proposed complaint alleges that jurisdiction is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000. A party asserting diversity jurisdiction must allege that the amount is controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount in controversy is determined by the amount at stake in the underlying litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005).

1    Even if a complaint alleges the correct jurisdictional amount, a district court lacks
2    jurisdiction where it appears to a legal certainty that the claim is really for less. *Pachinger v. MGM*
3    *Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986); *see also Gibbons v. Ferguson*,
4    599 F. App'x 786, 787 (9th Cir. 2015) (affirming the district court's denial of IFP application
5    where it lacked subject matter jurisdiction over plaintiff's claims because he failed to show that he
6    exhausted his administrative remedies before filing the action); *McGee v. Dep't of Child Support*
7    *Servs.*, 584 F. App'x 638 (9th Cir. 2014) (affirming the district court's denial of IFP application
8    where it lacked subject matter jurisdiction over plaintiff's claims because he failed to show a
9    complete diversity of citizenship) (citing *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th
10   Cir. 2012) ("[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time
11   during the pendency of the action." (citation and internal quotation marks omitted)).

12   Mr. Belssner's claims arise out of a contractual dispute over approximately $2,300 in car
13   repairs. *See* Compl. (ECF No. 1-2) at 4–6. He asserts claims for intentional misrepresentation,
14   intentional infliction of emotional distress, and conspiracy. He alleges he reached an agreement
15   with Defendant Mohlman in 2014 that Defendant Autodynamics would repair his 2005 Cadillac
16   Deville for $2,300. Defendant Hazen stated the vehicle would be housed indoors waiting for Geico
17   Insurance to send out an adjuster. Without authorization, Hazen sprayed down the vehicle to
18   determine damage to it. Hazen called Belssner to describe damage to the vehicle. Mr. Belssner
19   then retained the services of a third party witness. In a nutshell, Mr. Belssner believes the car was
20   not properly repaired and that the defendants damaged the body. He took it back for repairs under
21   the warranty, but the vehicle was not properly repaired, and he had to take the vehicle back multiple
22   times which caused him "substantial injury" and emotional distress. The complaint also makes
23   reference to an action filed in Justice Court.

24   The monetary amount in controversy falls far short of the required $75,000. Because it
25   appears to a legal certainty that Belssner cannot establish the minimum amount required for
26   diversity jurisdiction, the court recommends that the IFP application be denied.

27   Based on the foregoing,
28   / / /

**IT IS RECOMMENDED** that: Plaintiff Charles Belssner's Application to Proceed *In Forma Pauperis* (ECF No. 1) be **DENIED**, that that the complaint be dismissed without prejudice.

Dated this 3rd day of March, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.